**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID MCINTOSH, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:11-CV-0084-P |
| | ) | |
| WARDEN REBECCA TAMEZ, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

Petitioner challenges his federal incarceration. Petitioner brings this challenge under 28 U.S.C. § 2241 claiming that 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner is incarcerated in the Federal Correctional Institution located in Fort Worth, Texas. Although the Court has jurisdiction to entertain the petition, it nevertheless has the discretion to transfer the action to a more convenient forum. Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

In this instance, Petitioner is incarcerated in Fort Worth, Texas. The Fort Worth Division can properly exercise jurisdiction over this case. For these reasons, that Division appears the more appropriate court for this action.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the District Court transfer the petition to the United States District Court for the Northern District of Texas, Fort Worth Division.

Signed this 7th day of February, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).